CAROLINE OFFHOUSE v. GEORGE B. FRITZ.

Decided May 28, 1924.

**Negligence—Injury in Alighting From Jitney—Question of Condition of the Step on the Vehicle.**

On appeal from the Passaic Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Alexander M. McLeod.*

For the respondent, *John F. Evans.*

PER CURIAM.

This action was brought by Mrs. Offhouse to recover damages for injuries sustained by her through a fall while alighting from a jitney bus of the defendant after it had stopped at the corner of Main street and Delaware avenue, in the city of Paterson. The case made by her was that the step of the bus was defective; that there was a hole, or groove, in it, in which her heel caught as she was disembarking, and that this caused her to fall to the ground, the injuries complained of resulting from that fall. The trial resulted in a verdict in her favor, and from the judgment entered thereon the defendant has appealed.

The first ground of appeal is that the trial court committed harmful error in admitting certain questions and answers over objection, the questions being put by plaintiff's counsel to the plaintiff while she was on the witness-stand. The purpose of these questions, apparently, was to prove an admission made to her by the driver of the jitney bus that the step, or platform, of the bus was in the condition claimed by her, and it may be conceded that, if any such admission had been proved by her testimony, it would have been harm-

ful error, under our cases. But, although the purpose of the questions was legally objectionable, the answers thereto were harmless, for the plaintiff entirely failed to show any such admission made to her by the driver. In answer to the question, "What did he say?" she replied, "He just laughed, just smiled, that is all." Certainly, it cannot be said that his smile was an admission by him of the defective condition of the step. It might just as readily have been caused by what he considered the absurdity of the plaintiffs claim. We conclude that the appellant can take nothing by this contention.

The only other ground upon which we are asked to reverse this judgment is that the trial court committed error in failing to instruct the jury that, in order for negligence to create liability on the part of the defendant, such negligence must have been the proximate cause of the injury. It is enough to say, in disposing of this contention, that no request for such an instruction was submitted, and it is entirely settled that the failure of a trial judge to refer in his charge to the jury to a legal proposition involved in the case, constitutes no ground for a reversal of a judgment, unless he is asked to instruct the jury with relation to such proposition and refuses such request.

The judgment under review will be affirmed.